672 P.2d 1071

**James W. GIVENS, Plaintiff-Respondent,**

v.

**Sylvester T. TIPPETT and Margery Tippett, husband and wife, Defendants-Appellants.**

No. 14595.

Court of Appeals of Idaho.

Dec. 5, 1983.

John F. Croner, Boise, for defendants-appellants.

James W. Givens, Lewiston, pro se.

SWANSTROM, Judge.

Sylvester and Margery Tippett retained attorney James Givens to represent them in legal actions involving several other parties. When that litigation was concluded in the district court a dispute arose between the Tippetts and their attorney over payment of fees. This suit resulted. Givens testified that he had told the Tippetts his fee was $80 per hour. He further testified that Mr. Tippett

> made inquiry, as most clients do, as to what the total amount of this cost was going to be and I told him in all instances I had no way of knowing. I had no way of knowing because I didn't know at that time the number of hours that would be required to perform the work.

Tippett, on the other hand, testified that he told Givens he was willing to spend only $5,000 and "[i]f it was going to cost more than that, forget it." Unfortunately for all concerned, the parties did not reduce their agreement to writing.

The Tippetts eventually paid Givens $5,040. Givens' ledger, however, indicated that his attorney fees amounted to $16,-187.99, leaving an unpaid balance of $11,-147.99. After the Tippetts refused to pay this balance, Givens brought suit. The district court found that the parties agreed that Givens would receive $80 per hour and that the Tippetts did *not* place a $5,000 ceiling on the attorney fee. Finally, although the Tippetts apparently did not challenge the reasonableness of the fee, the court found that $16,187.99 was reasonable under the facts and circumstances of this case. Judgment was entered in favor of Givens for $11,147.99 and the Tippetts appealed. The sole question on appeal is whether the evidence was sufficient to support the district court's finding.

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principal regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it." I.R.C.P. 52(a). This means that if the findings of the district court are supported by substantial and competent, though conflicting, evidence they will not be considered clearly erroneous. *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). In the present case, there were two conflicting versions of the discussions between Givens and the Tippetts at the commencement of the attorney-client relationship. The district court chose to believe Givens' version and in this we find no error. The weight to be given all the evidence is for the trier of fact. *State ex rel. Burns v. Blair,* 91 Idaho 137, 417 P.2d 217 (1966). There being substantial and competent evidence to support the district court's findings regarding the terms of the fee agreement, we affirm the judgment. Costs to respondent.

WALTERS, C.J., and BURNETT, J., concur.